**DILLINGHAM & MURPHY, LLP**
WILLIAM F. MURPHY, ESQ. (SBN 082482)
J. CROSS CREASON, ESQ. (SBN 209492)
225 BUSH STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104-4207
TELEPHONE:  (415) 397-2700
FACSIMILE:  (415) 397-3300

Attorneys for Defendant
SAFEWAY INC.

**LAW OFFICE OF BOWMAN & ASSOCIATES**
ROBERT C. BOWMAN, JR., ESQ. (SBN 232388)
KARA DANELLE KEISTER, ESQ. (SBN 250260)
2151 RIVER PLAZA DRIVE, SUITE 105
SACRAMENTO, CA 95833
TELEPHONE:  (916) 923-2800
FACSIMILE:  (916) 923-2828

Attorneys for Plaintiff
REBECCA MAZALIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| REBECCA MAZALIN,<br><br>             Plaintiff,<br><br>vs.<br><br>SAFEWAY INC., a corporation; and DOES 1 THROUGH 50, inclusive.<br><br>             Defendants. | CASE NO. 2:10-CV-01445-KJM-CMK<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

      Plaintiff <u>REBECCA MAZALIN</u> ("Plaintiff") and defendant <u>SAFEWAY INC.</u> ("Safeway"), through their attorneys of record, hereby stipulate that the Court may enter the protective order beginning with Paragraph No. 1 below.  Pursuant to General Order No. 492 and Local Rule 141.1, the parties seek entry of this order to facilitate discovery in this action for the following reasons.  This action arises out of Plaintiff's Safeway employment and the termination of that employment.  As such, discovery in this action may include trade secrets or

PDF created with pdfFactory trial version www.pdffactory.com

proprietary business information of Safeway, personal and/or personnel records of third persons (such as home addresses and other personal contact information), or other confidences of the supplying person or of third persons.  Because the foregoing information concerns confidential and sensitive information of third persons, as well as of the parties, protection is sought by way of an order of this Court.

1. "Confidential information," as used herein, means any type or classification of information which is designated as "confidential" by the supplying person, or by any other party to the action, and which the designating party asserts contains a personal, trade secret, proprietary business information, personnel, or other confidences of the supplying person or of third persons.  By executing this Stipulation, no party is admitting that the material designated as confidential by any other party is, in fact, confidential.  The parties reserve the right to challenge the alleged confidentiality of any information disclosed in discovery.

2. With respect to confidential information, "qualified persons" means (i) all counsel of record engaged in the preparation for trial of this proceeding for the parties, which term includes partners, associate attorneys and stenographic and clerical employees assisting such counsel, (ii) experts who are assisting counsel in the preparation of this proceeding for trial, (iii) the parties themselves, or in the case where the parties are government entities or corporations, public officials and employees or corporate officers and directors of the parties who are, in the opinion of counsel of record, necessary to assist counsel directly in the preparation of this case, (iv) investigators or other persons retained to help locate and serve witnesses or parties with legal documents, and (v) the Court and the Court personnel.

3. Any confidential information supplied in written or documentary form shall be labeled by the supplying party "Confidential."  When confidential information is contained or is incorporated in a deposition transcript, arrangements shall be made with the reporter to bind the confidential portions of the transcript separately and label it "Confidential" or otherwise to make arrangements to insure the information remains confidential.

4. Prior to trial, any information designated confidential information shall be made available only to qualified persons who shall have read this Order and who shall agree to be

PDF created with pdfFactory trial version www.pdffactory.com

bound by the terms thereof and who shall agree to maintain said information in confidence and not to use or reveal the same to anyone other than a qualified person and not to use the same except in connection with litigating this proceeding, provided that nothing shall prevent disclosure beyond the terms of this Order if the supplying party claiming confidentiality consents to such disclosure.  Confidential information shall be used only for purposes of litigating this action and for no other purpose.

5. All documents containing confidential information, if filed, shall be marked "Confidential", and shall be filed under seal in accordance with Rules 39-140 and 39-141 of the Local Rules of the United States District Court, Eastern District of California.

6. Upon final termination of this action, the parties shall assemble and return to each supplying person all documentary material or memoranda embodying information designated confidential, including all copies of such memoranda or documentary material, except that any such documents or copies on which any notes or other attorney's work product has been placed by counsel for the receiving party may be destroyed rather than returned. Documents constituting attorney-client communications that contain alleged confidential material need not be destroyed.

7. Upon notice to the designating party of the intention of counsel for another party to disclose information subject to any part of this Order on the public record, including at trial, the designating party shall within ten (10) days after receiving such notice state whether it objects.  In the event that objection is made, counsel for the party desiring to make disclosure or reclassification and the supplying party shall make a good faith effort to resolve the matter. Failing such resolution, the party objecting to disclosure or reclassification shall make a motion to sustain the objection on normal notice.  Said notice shall be filed within twenty (20) days after receipt of the notice of intention to reclassify or disclose as described above.  The information in controversy shall not be disclosed or reclassified prior to trial until the Court enters its order on said motion.  Nothing in this Order shall be construed to deprive the public or the parties of a public trial.

8. In order to expedite discovery in this action, the parties agree to treat any

PDF created with pdfFactory trial version www.pdffactory.com

1  documents designated "Confidential" and produced prior to the entry by the Court of this
2  stipulated order as if this stipulation were an order of the Court.  If, for any reason, the Court
3  declines to enter this stipulation as an order of the Court, the parties agree to cooperate
4  diligently to have a similar protective order entered and, pending such entry of a similar order,
5  to treat information designated "Confidential" as if this stipulation were entered as an order of
6  the Court.

8  Dated: 2-9-2011                    DILLINGHAM & MURPHY, LLP
                                      WILLIAM F. MURPHY, ESQ.
9                                     J. CROSS CREASON, ESQ.

11                          By:       _____/s/_____
                                      ATTORNEYS FOR DEFENDANT
12                                    SAFEWAY INC.

15  Dated: 2-9-2011                   BOWMAN & ASSOCIATES ACP
                                      KARA KEISTER, ESQ.
16

17                          By:       _____/s/_____
                                      ATTORNEYS FOR PLAINTIFF
18                                    REBECCA MAZALIN

20       IT IS SO ORDERED.

24  Dated:  2/9/2011                  /s/ John A. Mendez_____
25                                    UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com