IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBECCA MAZALIN,

      Plaintiff,                                 No. CIV S-10-1445 KJM-CMK

   vs.

SAFEWAY, INC., a corporation,

      Defendant.                             ORDER

_____/

        This matter is before the court upon plaintiff's request to seal documents. (ECF 43.) For the following reasons, plaintiff's request is DENIED and paragraph 5 of the court's protective order (ECF 11) is STRICKEN.

        Local Rule 141(b) provides that the notice of request to seal documents must "describe generally the documents sought to be sealed." Local Rule 141.1(c) instructs parties to include the following in proposed protective orders: "(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information []; (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and (3) A showing as to why the need for protection should be addressed by a court order . . . ." Local

/////

1

1 Rule 141(f) provides that the court may sua sponte "upon a finding of good cause or consistent 2 with applicable law, order documents unsealed."

3 Paragraph 5 of the protective order stipulated to by the parties and previously 4 adopted by the court[1] goes beyond the provisions of Local Rules 141 and 141.1. This paragraph 5 essentially calls for a document that a party deems is "confidential" to be sealed, without 6 acknowledging the need for the parties to provide concrete reasons or show good cause to the 7 court to justify sealing. This provision is insufficient to overcome the presumption in favor of 8 public access. *See Phillips v. GMC*, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public 9 can gain access to litigation documents and information produced during discovery unless the 10 party opposing disclosure shows 'good cause' why a protective order is necessary.").

11 Moreover, the court does not find good cause for granting plaintiff's present 12 request to seal. (ECF 43.) The only information in this document, a termination list, that might 13 be used to identify someone appears to be birth dates. Plaintiff may move to have these redacted 14 if appropriate in accordance with Local Rule 140.

15 Accordingly, plaintiff's request to seal is DENIED and paragraph 5 of the 16 protective order is STRICKEN. The termination list will not be considered by the court in 17 connection with the pending motion for summary judgment unless and until it is properly filed in 18 compliance with the Local Rules and paragraph 7 of the protective order.

19 IT IS SO ORDERED.

20 DATED: August 29, 2011.

UNITED STATES DISTRICT JUDGE

---

[1] The court notes that the protective order itself is extremely broad; however, as the protective order purports to primarily address the parties' exchanges during discovery, the court leaves the balance of the order undisturbed.

2