IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBECCA MAZALIN,

     Plaintiff,                                  No. CIV S-10-1445 KJM-CMK

     vs.

SAFEWAY, INC., a corporation,

     Defendant.                                 <u>ORDER</u>

                                      /

          Plaintiff seeks reconsideration of the court's order granting defendant's motion for summary judgment and closing this case (ECF 55). (ECF 58.) Defendant opposes reconsideration. (ECF 61.) This matter was submitted without a hearing. For the following reasons, plaintiff's motion is denied.

I. <u>STANDARD</u>

          "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations and quotation marks omitted). The burden on the moving party is high. *See, e.g., Sec. and Exch. Comm'n v. Pattison*, No. C-08-4238 EMC, 2011 U.S.

1

Dist. LEXIS 61922, at *4-5 (N.D. Cal. Jun. 9, 2011).  Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation marks and citation omitted).  The grounds for granting a motion under Federal Rule of Civil Procedure 59(e) are: "1) . . . 'to correct *manifest errors of law or fact upon which the judgment is based*;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" *Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)) (emphasis in original).  "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Id.* at 623; *United States Fidelity & Guaranty Co. v. Lee Investments LLC*, 2009 U.S. Dist. LEXIS 90579, at *9 (E.D. Cal. Sep. 29, 2009) (The district court "enjoys considerable discretion in granting or denying the motion.").  "To succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, No. CV F 10-0581 AWI DLB, 2011 U.S. Dist. LEXIS 29998, at *3 (E.D. Cal. Mar. 23, 2011).

/////
/////
/////
/////
/////
/////

Federal Rule of Civil Procedure 60(b)[1] provides, in pertinent part: "On motion and just terms, the court may relieve a party . . . from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (5) [where] applying [the judgment] prospectively is no longer equitable; or (6) any other reason that justified relief."

## II. ANALYSIS

### A. Kellogg Email

Plaintiff contends the court's finding Kellogg's email, which was sent in response to an email from John Gummert, a loss prevention investigator, asking if new equipment was needed at his store, was inadmissible was a mistake. (ECF 58-1 at 3.) Plaintiff specifically contends she had already deposed Kellogg before receiving the email and "was unable to question any witnesses about the email" as discovery had closed. (*Id.* at 4.) The court previously considered and dismissed this very argument and declines to reconsider the question here. (*See* ECF 55 at 8 n.9.)

Plaintiff further contends she has "since authenticated this email." (ECF 58-1 at 4.) In support of this motion, plaintiff presents "new evidence" in the form of deposition testimony of Kellogg, allegedly authenticating this email. To prevail on a Rule 59 or 60(b)(2) motion, "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (quoting *Coastal Transfer Co. v. Toyota Motor Sales,*

---

[1] Although plaintiff invokes Federal Rule of Civil Procedure 60(a), any reliance on this Rule stems from a misunderstanding of its applicability. *See* FED. R. CIV. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission . . . ."); *Garamendi v. Henin*, 683 F.3d 1069, 1077, 1078 (9th Cir. 2012) ("We have consistently interpreted Rule 60(a) to allow a district court to correct omissions so long as those corrections are limited to clarification of matters intended to be implied or subsumed by the original judgment, rather than a change of course or a modification to the intended legal effect of a judgment. . . . Rule 60(a)'s touchstone is fidelity to the intent behind the original judgment.").

3

*U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)). Plaintiff has failed to show any of these three factors are met. This deposition does not constitute newly discovered evidence; rather, it "could have been discovered with reasonable diligence." *Coastal Transfer Co.*, 833 F.2d at 212; *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (citation omitted)). Indeed, the underlying motion for summary judgment was filed on July 20, 2011 and, according to plaintiff, she was in possession of the email as of June 21, 2011. (Keister Decl. ¶ 4, ECF 58-2.) Plaintiff acknowledges she could have filed a declaration in accordance with Federal Rule of Civil Procedure 56(d), but states she "did not think it was necessary" and "believed and understood that such a declaration could be filed with a Motion to Alter or Amend or for Relief from Judgement." (*Id.* ¶¶ 4, 5.) Moreover, introduction of this deposition testimony would not have changed the disposition of this case. As defendant notes, "This email was written five months after the termination of Plaintiff's employment. It makes no reference to either Plaintiff or the termination of her employment, and it contains nothing from which a reasonable person could infer a retaliatory motive or discriminatory motive on the basis of age or gender." (ECF 61 at 4.) The deposition testimony itself extinguishes any question of material fact plaintiff may have contended was supported by the email; Kellogg specifically testified that he wanted the new equipment to "get rid of . . . some of the employees that [were] stealing . . . because we'd been having theft problems" (Keister Decl., Ex. 1, 21:22-23, 25, ECF 58-2), making no mention of age or gender of employees. Accordingly, this "newly discovered" evidence does not support reconsideration.

Furthermore, plaintiff's "surprise" at the court's ruling and self-described "excusable neglect," invoking Rule 60(b)(1), do not warrant relief. Plaintiff is represented by counsel, whose responsibility it is to familiarize herself with the rules applicable in this court. *See Nat'l Indus., Inc. v. Republic Nat'l Life Ins. Co.*, 677 F.2d 1258, 1270 (9th Cir. 1982) ("The party opposing a motion for summary judgment need present only so much of its case as is

sufficient to defeat the motion and may preserve the remainder for trial. We are of the opinion, however, that when this approach is utilized, the opposing party must bear the risk of misevaluating the sufficiency of its response to the motion. . . . Our judicial system cannot afford multiple and repetitious hearings and appeals resulting from a litigant's erroneous expectations of success."); *see also ACEquip Ltd. v. Am. Eng'g Corp.*, 218 F.R.D. 364, 366 (D. Conn. 2003) (plaintiffs' failure to file a status report did not constitute a "surprise" where plaintiffs knew of their responsibility to do so). Plaintiff's counsel's belief that she did not need to file a Rule 56(d) declaration with her opposition and instead could file it "with a Motion to Alter or Amend or for Relief from Judgment" (Keister Decl. ¶ 5) does not qualify as excusable neglect. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006); *Thiel v. GMAC Mortg., LLC*, No. 2:10-cv-00645-MCE-DAD, 2011 U.S. Dist. LEXIS 39848, at *4 n.5 (E.D. Cal. Apr. 6, 2011) ("an attorney's ignorance of the law or carelessness does not constitute entitlement to relief under the law"); *but see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("ignorance of the rules" and "mistakes construing the rules" "do not usually constitute excusable neglect" but "that possibility is by no means foreclosed" (quotation marks, citation, and emphasis omitted)). An attorney's ignorance of the way in which a rule operates, where the language of the rule is unambiguous, is not grounds for relief. *See Allmerica Financial Life Ins. v. Lewellyn,* 139 F.3d 664, 666 (9th Cir. 1997)*; see also McCurry v. Adventist Health System/Sunbelt, Inc*., 298 F.3d 586, 595 (6th Cir. 2002); *Ceridian Corp. v. SCSC Corp*., 212 F.3d 398, 404 (8th Cir. 2000). Rule 56(d) clearly states in no uncertain terms: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Plaintiff's belief that she could file such a declaration with a motion for reconsideration does not explain or excuse plaintiff's failure to file such a declaration before the court's resolution of this matter. Neither does her belief the court would find the evidence presented, which was wholly

unauthenticated,[2] admissible. In fact, her stated belief she could file this declaration with a motion for reconsideration suggests the failure to file such a declaration was part of counsel's litigation strategy. "Rule 60(b) does not provide relief from 'free, calculated [and] deliberate choices.'" *Chang v. Smith*, 778 F.2d 83, 86 (1st Cir. 1985) (quoting *Ackerman v. United States*, 340 U.S. 193, 198 (1950)); *Latshaw*, 452 F.3d at 1101 ("Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret . . . .").

Even so, the court will analyze the *Pioneer-Briones* factors in determining whether plaintiff has shown excusable neglect as contemplated by Rule 60(b)(1). *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379. *See Lemoge v. United States*, 587 F.3d 1188, 1194 (9th Cir. 2009); *E. & J. Gallo Winery v. Cantine Rallo*, S.P.A., 430 F. Supp. 2d 1064, 1087 (E.D. Cal. 2005) (In *Pioneer*, "the Supreme Court held that excusable neglect could encompass some intentional failures to act, and explained that a court should determine whether such intentional failures are excusable by examining a number of equitable factors."). Specifically, the court analyzes: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge*, 587 F.3d at 1194 (internal quotation marks and citation omitted).[3]

    1.    Prejudice

Defendant contends it will be prejudiced if the court grants plaintiff's motion because "[m]emories have . . . faded . . . and there is a greater likelihood that Safeway would not

---

[2] The court notes counsel appears to incorrectly conflate inadmissibility due to lack of authentication and inadmissibility where a statement is hearsay. The court does not consider plaintiff's arguments drawing on hearsay exceptions; in its order, the court clearly stated: "although the court recognizes the hearsay issues presented by the email, the court need not reach any hearsay objection, as 'authentication or identification [is] a condition precedent to admissibility.'" (ECF 55 at 8 n.9 (quoting FED. R. EVID. 901(a)).)

[3] Plaintiff has not addressed these factors in either her motion or reply, despite defendant's extensive argument on the subject.

6

be able to locate and produce all of the witnesses able to refute Plaintiff's claims were the case to proceed to trial now on the basis of the now-authenticated email" and there will be "a year or more of additional delay before trial . . . ." (ECF 61 at 9-10.) "Prejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge*, 587 F.3d at 1196 (citation omitted). However, defendant will be prejudiced if the motion were granted, by the additional time and expense required to address the e-mail. *Cf. Patriot Rail Corp. v. Sierra R.R. Co.*, No. 2:09-cv-00009-MCE-EFB, 2011 U.S. Dist. LEXIS 83999, at *9-10 (E.D. Cal. Aug. 1, 2011) ("Applying the Pincay factors to the present case . . . is unnecessary. [E]xcusing the [movant's] mistaken interpretation . . . would not excuse [movant's] untimely motion and, thus, does not justify the requested relief."); *Allen v. Shepard*, No. CIV S-06-1923 FCD DAD P, 2010 U.S. Dist. LEXIS 54957, at *4 (E.D. Cal. May 7, 2010) (citing *Casey v. Albertson's Inc*., 362 F.3d 1254, 1260 (9th Cir. 2004) for "affirming the district court's denial of the plaintiff's Rule 60(b)(1) motion where the additional evidence proffered would not have changed the outcome of the litigation"); *see also* ECF 55 at 8 n.10. This factor weighs against granting plaintiff's motion.

    2. Length of delay and impact on judicial proceedings

    Defendant contends the fact plaintiff was in possession of the email for over two months before the hearing on defendant's motion for summary judgment and over seven months before the court issued its decision and plaintiff's "election to wait several months before taking action, while the Court drafted an 18 page opinion" supports denial of reconsideration. (ECF 61 at 9.) On the one hand, plaintiff's twenty-eight day delay after the entry of judgment in filing this motion is relatively short. *Stewart v. Clintas Corp. No. 3*, No. 2:10-cv-01648-GEB-KJN, 2012 U.S. Dist. LEXIS 1132, at *7 (E.D. Cal. Jan. 5, 2012). However, her delay in authenticating the email, as well as the impact the delay had on the judicial proceedings in this case, weigh heavily against granting reconsideration. Plaintiff was on notice defendant had raised lack of authentication of the email from defendant's reply to her opposition to its motion

7

for summary judgment and defendant's objections to her evidence. (*See* ECF 47 at 3 ¶ 6; ECF 44 at 3.) Indeed, plaintiff anticipated the admissibility issue in her opposition. (*See* ECF 34 at 7.) Her failure to seek leave to authenticate under these circumstances qualifies as inexcusable neglect.

3.   Reason for delay

Defendant contends that plaintiff's explanation for not timely authenticating "fails to satisfy any notion of diligence." (ECF 61 at 8.)[4] Plaintiff's reasons for not timely authenticating the email or complying with Rule 56(d), namely her assumption she could clean up her record after the fact, show that the failure "was caused by [plaintiff] and was within [her] control." *Winters v. Jordan*, No. 2:09-cv-00522 JAM KJN PS, 2012 U.S. Dist. LEXIS 13329, at *14 (E.D. Cal. Feb. 2, 2012). This was not an excusable calendaring mistake but a deliberate failure. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010). This factor weighs against reconsideration.

4.   Bad faith

Defendant does not address this factor and indeed there is no indication of bad faith; however, given plaintiff's deliberate inaction and alleged misunderstanding of applicable rules, the court finds this factor is neutral.

5.   Conclusion

Weighing the *Pioneer-Briones* factors, the court finds plaintiff's neglect was inexcusable and does not warrant relief in accordance with Rule 60(b)(1). *Mendez v. Knowles*, 556 F.3d 757, 765 (9th Cir. 2009) (the district court must weigh the *Pioneer* factors without giving primary weight to any one factor).

Moreover, although plaintiff does not specifically address Rule 60(b)(6), there are no extraordinary circumstances warranting reconsideration. *Harvest v. Castro*, 531 F.3d 737,

---

[4] The court finds it unnecessary to address defendant's objections to plaintiff's allegation the email came into her possession on June 21, 2011. (ECF 61 at 8 n.2.)

8

749 (9th Cir. 2008) (Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice." (internal quotation marks and citation omitted)); *Latshaw*, 452 F.3d at 1103 ("[A] party who moves for such relief must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." (internal quotation marks and citation omitted, alteration in original)). The court finds no reasons justifying reconsideration with respect to the Kellogg email.

B. Defendant's "Admissions"

1. Heather Keep

The court's prior determination that Heather Keep's testimony was hearsay was not in error. (ECF 55 at 10 n.12.) Keep testified that "the previous liquor manager" told her "if they had a damaged product, they had the authority to sell it at 50 percent off." Plaintiff contends the statement of the manager, Cynthia Hussain, was an admission by a party opponent and therefore nonhearsay. (ECF 58-1 at 5.) By Keep's own admission, Hussain was not the current liquor manager at the time of Keep's deposition, nor was she an employee of defendant at the time plaintiff's termination occurred (*see* Hussain Decl. ¶ 3, ECF 38). Federal Rule of Evidence 801(d)(2)(D), which provides a statement is not hearsay when offered against an opposing party and "was made by the party's . . . employee on a matter within the scope of that relationship and while it existed," is inapplicable here; there is no indication the statement was made by Hussain during her employment. Moreover, Hussain was not a representative of defendant. FED. R. EVID. 801(d)(2)(A). As explained in the court's order, the question was not what plaintiff or other employees knew or thought but whether defendant's non-discriminatory reason was pretextual. (ECF 55 at 10.) It was and is irrelevant whether or not Keep or Hussain saw the store rules.

2. Tammy Gregory

Plaintiff contends the court erred in excluding Tammy Gregory's testimony as her statements were nonhearsay. (ECF 58-1 at 5.) The court did not exclude this testimony solely

on hearsay grounds; rather, the court found Gregory's declaration was "based wholly on evidence that does not support it, and on hearsay and speculation." (ECF 55 at 11.) The court's decision to exclude this testimony was not in error.

C.    Inferences drawn by the court

Plaintiff contends the court drew inferences in favor of defendant in contravention of the legal standard to be applied in deciding motions for summary judgment. (ECF 58-1 at 5.) Specifically, plaintiff contends the court impermissibly weighed inferences drawn from Kellogg's email, Kellogg's alleged statements regarding plaintiff's footwear, Kellogg's request that plaintiff walk from the back room to the front, and plaintiff's complaint in which she used the word "harassment." (*Id.* at 5-7.)

As discussed above, the court declines to reconsider its finding that Kellogg's email was inadmissible. The court thus need not reach plaintiff's arguments that even if the email were admissible, it did not show discriminatory animus. (ECF 55 at 8 n.10.)

Plaintiff's argument that the court drew inferences in favor of defendant in discounting plaintiff's testimony regarding Kellogg's comments about her footwear is without merit. Although the court does indeed draw all inferences and view all evidence in the light most favorable to the nonmoving party in deciding a motion for summary judgment, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), the court is not required to view a lack of corroborating evidence as establishing an issue of material fact so as to defeat the motion for summary judgment. Where there is an utter lack of evidence, as here, there are no conflicting inferences that can be drawn. In carrying their burdens on a motion for summary judgment, both parties must "[cite] to particular parts of materials in the record [or show] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). "Conclusory, speculative testimony

in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekum v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citations omitted).

Plaintiff's contention that the court drew impermissible inferences in favor of defendant with regard to Kellogg's request to time plaintiff walking from the back to the front of the store also is meritless. Plaintiff provided no support for the drawing of any inference of discriminatory animus from this incident.

The court did not err in finding "the fact that plaintiff used [the word harassment by stating "I don't need or deserve this kind of harassment!"] to the union representative did not put defendant on notice that plaintiff thought defendant's conduct constituted discrimination based on age or gender." (ECF 55 at 16.) When ruling on a motion for summary judgment, the court draws "reasonable inferences" in favor of the nonmovant. *Intermountain Fair Housing Council v. Boise Rescue Mission Ministries*, 657 F.3d 988, 992 n.2 (9th Cir. 2011). It is not a reasonable inference to conclude that plaintiff's using the word "harassment" once in a generic sense in a letter to her union representative, after never having complained of harassment to management or human resources, put defendant on notice that plaintiff was engaged in the protected activity of opposing discrimination.

D. Material Facts

Plaintiff contends the court overlooked material facts, including ten declarations of current and former employees testifying they had never seen the store rules, evidence that Keep and Terry Hilton "understood that the Liquor Manager could mark down damaged items," and Hussain's testimony that "it was not against store policy for the liquor manager to mark down items and [testimony] she trained Plaintiff to perform these duties." (ECF 58-1 at 7 (emphasis omitted).)

Contrary to plaintiff's contention, the court did consider testimony regarding employees' knowledge of the store rules and Keeps' understanding, and determined "plaintiff

11

has failed to raise a genuine issue of material fact as to the existence of the store policy where defendant has provided the court with a copy of the store rules in effect since at least 1999 . . . . The question is not what plaintiff knew or thought; the only relevant question is whether defendant's non-discriminatory reason is pretextual." (ECF 55 at 10.) "[R]econsideration [is not] to be used to ask the court to rethink what it has already thought." *United States v. Uptergrove*, No. 1:06-CV-01630-AWI-GSA, 2009 U.S. Dist. LEXIS 25031, at *15 (E.D. Cal. Mar. 26, 2009).

Moreover, Terry Hilton's declaration does not express any understanding that the liquor manager could mark down damaged items as plaintiff contends. (ECF 58-1 at 7; ECF 37.) Rather, Hilton merely references a program in place in "the early 90's" whereby employees "could not say no to the customer" and that from 1993 to 1994 "there was not a policy or procedure for markdowns." (ECF 37 ¶¶ 9, 6.) This declaration was immaterial to the court's resolution of defendant's motion for summary judgment.

Likewise, Hussain's declaration regarding her practices as liquor manager was irrelevant to resolving defendant's motion for summary judgment. Hussain's declaration does not tend to show selective enforcement, as plaintiff contends; rather, the declaration does not indicate any knowledge on the part of Hussain's supervisors of her practices. (*See* ECF 38.) Here again, it appears plaintiff is using her motion to relitigate already answered questions, for which reconsideration is an improper vehicle. *See Exxon Shipping*, 554 U.S. at 486 n.5.

III. CONCLUSION

For the foregoing reasons, plaintiff's motion (ECF 58) is DENIED.

IT IS SO ORDERED.

DATED: October 31, 2012.

UNITED STATES DISTRICT JUDGE